# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 18-cv-0891-WJM-STV

BORIS MOLKANDOW, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAURY COBB ATTORNEY AT LAW, LLC,

    Defendant.

# ORDER GRANTING DEFENDANT'S
# MOTION FOR JUDGMENT ON THE PLEADINGS

This dispute concerns whether a debt collection letter sent to Plaintiff Boris Molkandow ("Plaintiff") by Defendant Maury Cobb Attorney at Law LLC ("Defendant") complied with § 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Before the Court are Defendant's Motion for Judgment on the Pleadings ("Motion"; ECF No. 18) and Defendant's Unopposed Motion to Continue Pretrial Deadlines ("Motion to Continue"; ECF No. 23). For the reasons set forth below, the Court grants Defendant's Motion, denies Defendant's Motion to Continue as moot, and dismisses Plaintiff's Complaint with prejudice.

## I. BACKGROUND

Plaintiff allegedly owed an outstanding balance to T-Mobile. (ECF No. 1 ¶ 12.) T-Mobile hired Defendant to collect that debt. (*Id*. ¶ 16.) In its efforts to collect, Defendant sent Plaintiff a debt collection letter (the "Letter") dated May 4, 2017. (ECF No. 1-2 at 1.) The Letter contained the following table in its top right corner:

| |
|---|
| *Original Creditor* |
| T-MOBILE |
| *Creditor's Acct #* |
| XXXX5800 |
| *Our Account #* |
| XXXX8631 |
| *Total Due* |
| $4,639.75 |

The Letter also stated, in pertinent part, as follows:

> Dear Boris Molkandow:
>
> The account shown here is unpaid and has been placed with this office for collection. . . .
>
> MAURY COBB ATTORNEY AT LAW LLC is pleased to inform you that we can offer you an opportunity to resolve your account with T-MOBILE for the amount of $3,479.81. . . .
>
> This communication is from a debt collector. This is an attempt to collect debt. Any information obtained will be used for that purpose.

(*Id*. (emphasis removed).)[1]

On April 16, 2018, Plaintiff filed a class-action complaint against Defendant, alleging that Defendant's Letter violated the FDCPA because it failed to identify Plaintiff's current creditor. (ECF No. 1.) *See also* 15 U.S.C. § 1692g(a)(2). The parties agree that T-Mobile is the current creditor of the debt and that the Letter was Defendant's first communication to Plaintiff regarding the debt, but dispute whether the Letter adequately identified T-Mobile as the current creditor. (ECF No. 15 at 2–3.)

---

[1] The Letter is attached as an exhibit to this Order. (*See* ECF No. 24-1.)

Plaintiff contends that the FDCPA applies in this context because he is a "consumer" who received a "communication" from a "debt collector" regarding a "debt," per the definitions set out in the statute. (ECF No. 1 ¶¶ 7, 10, 14, 19.) *See also* 15 U.S.C. § 1692a.

On June 22, 2018, Defendant moved for judgment on the pleadings, arguing that "Plaintiff's claim should be dismissed because the name of the creditor was unequivocally contained within the collection [L]etter, and when the [L]etter is read in its entirety, [P]laintiff could not have been confused as to whom the debt was owed." (ECF No. 18 at 2.) Plaintiff filed a Response to Defendant's Motion (ECF No. 21) and Defendant filed a Reply (ECF No. 22).

## II. LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 2019 WL 303021, at *6 (10th Cir. Jan. 24, 2019). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pleaded factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

In ruling on a motion for judgment on the pleadings, the Court may consider the

complaint, any material that is attached to the complaint, and the answer. *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Additionally, the Court may take judicial notice of court documents. *Denver Health & Hosp. Auth. v. Beverage Distrib. Co., LLC*, 546 F. App'x 742, 747 n.3 (10th Cir. 2013).

### III.  ANALYSIS

A.  **The "Least Sophisticated Consumer" Standard Under the FDCPA**

Congress enacted the FDCPA in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA regulates interactions between consumer debtors and debt collectors and provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Accordingly, a defendant can be held liable only if it is a "debt collector" within the meaning of the FDCPA. *James v. Wadas*, 724 F.3d 1312, 1315–16 (10th Cir. 2013).

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . ." 15 U.S.C. § 1692a(6). Defendant is in the business of collecting debts and mailed a letter to Plaintiff for the purpose of collecting his debt, therefore, Defendant is a debt collector subject to the FDCPA's requirements. (*See* ECF No. 1 ¶¶ 9–10, 16–18.)

Most courts review FDCPA claims under an objective "least sophisticated consumer" standard. *See Ferree v. Marianos*, 129 F.3d 130 (table), 1997 WL 687693, at *1 (10th Cir. 1997); *see also Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir.

4

2017); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394–95 (4th Cir. 2014); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061–62 (9th Cir. 2011); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *cf. McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 n.3 (5th Cir. 2012) (using the "least sophisticated consumer" standard and a similar "unsophisticated consumer" standard); *Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757, 761 (8th Cir. 2018) (using the "unsophisticated consumer" standard); *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 n.4 (1st Cir. 2014) (same); *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (same).

The least sophisticated consumer standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Ferree*, 1997 WL 687693, at *1 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Under the "least sophisticated consumer test," courts consider "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Id*. The least sophisticated consumer, however, "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Although the Tenth Circuit has not addressed whether the least sophisticated consumer standard applies to claims arising under the FDCPA, it has applied the test in

at least two, albeit unpublished, opinions. *See Ferree*, 1997 WL 687693, at *1; *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015). Based on these decisions, district courts in this circuit have likewise applied the standard to FDCPA claims. *See, e.g.*, *Moore v. Express Recovery Serv., Inc.*, 2019 WL 77325, at *2 (D. Utah Jan. 2, 2019); *Hamilton v. Capio Partners, LLC*, 237 F. Supp. 3d 1109, 1113 (D. Colo. 2017); *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220–23 (D. Kan. 2014). Therefore, the Court will apply the least sophisticated consumer standard in analyzing Plaintiff's FDCPA claim.

**B.    Alleged Violation Under § 1692g(a)(2)**

When a debt collector sends an initial communication about a debt to a consumer, the FDCPA requires that communication, or a subsequent notice sent within five days of the initial notice, to include certain information, including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). However, there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim. *See Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989).

In his Complaint, Plaintiff alleges that "Defendant violated section 1692g(a)(2) by failing to identify the current creditor" in the Letter. (ECF No. 1 ¶ 46.) In particular, Plaintiff asserts:

> Although the Letter identifies [the Original Creditor], the Letter fails to identify Plaintiff's current creditor. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor Defendant was attempting to collect for.

(*Id*. ¶¶ 22–23.) Moreover, Plaintiff asserts that the least sophisticated consumer would be further confused because, apart from stating "Original Creditor: T-Mobile" in the top

6

right corner, "[t]here is no other indication or clarification in this Letter as to whether T-Mobile still owns this debt." (ECF No. 21 at 5.)

The Court notes that both parties spend much of their briefing analogizing and distinguishing a number of district court cases from other circuits.[2] (*See* ECF No. 18 (discussing *Warner v. Ray Klein, Inc.*, 2018 WL 1865873 (D. Or. Apr. 18, 2018); *Macelus v. Capital Collection Serv.*, 2017 WL 5157389 (D.N.J. Nov. 7, 2017); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005); and *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016)); ECF Nos. 21 & 22 (discussing *Bentkowsky v. Benchmark Recovery, Inc.*, 2014 WL 12579797 (N.D. Cal. Oct. 30, 2014); *Datiz v. Int'l Recovery Assocs., Inc.*, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016); and *Dix v. Nat'l Credit Sys., Inc.*, 2017 WL 4865259 (D. Ariz. Oct. 27, 2017)).) A review of these cases and their respective debt collection letters, however, reveals that none completely mirror the facts of this action or the contents of the Letter. The Court need not reiterate here the numerous distinctions and similarities noted by both parties, primarily because although a few of the cases cited are persuasive to a certain extent, none are binding on this Court. Nonetheless, the Court will briefly address the cases Plaintiff uses to support his claim. (*See* ECF No. 21 at 5–10.)

In *Bentkowsky*, the current creditor was only mentioned in the caption of the debt collection letter, where it was identified as the "Original Creditor." 2014 WL 12579797, at *1. The court found this to be insufficient for § 1692g(a)(2) because it would be

---

[2] This is because limited case law exists regarding violations of § 1692g(a)(2). In fact, after an extensive search, the Court has not located any cases in the Tenth Circuit that have addressed alleged § 1692g(a)(2) violations.

"confusing" to the least sophisticated consumer and would leave them "unaware of the identity of the current creditor." *Id*. In addition, the court noted that by referencing an "Original Creditor" but not a "Current Creditor," "the letter implies that the current creditor is someone different from the 'Original Creditor.'" *Id*.

In *Datiz,* the current creditor was only mentioned in the subject line of the debt collection letter, which stated "Re: John T. Mather Hospital." 2016 WL 4148330, at *11. The court found that merely naming the hospital in the subject line was "not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." *Id.* In addition, the court noted that the body of the debt collection letter did "not make clear who the Defendant, as the debt collector, [wa]s acting on behalf in sending the Letter." *Id*.

Similarly in *Dix*, the current creditor ("Metro on 19th") was only mentioned in the subject line of the debt collection letter, which stated "Re: Metro on 19th/Chamberlin & Assoc/G171." 2017 WL 4865259, at *1. The court found that only mentioning Metro on 19th on the "re" line was "not sufficient to comply with section 1692g(a)(2)." *Id*. at *2. The court went on to note that while "the FDCPA does not require [defendant] to use 'magic words,' it does require it to effectively convey to the debtor the name of the current creditor." *Id*. at *3.

The case at hand is clearly distinguishable from *Bentkowsky*, *Datiz*, and *Dix*. In those cases, the current creditors were only mentioned in the caption or subject line of the debt collection letters. Moreover, the letters in *Dix* and *Datiz* only referred to the current creditors on the "re" line and the letter in *Dix* mentioned more than one entity.

8

Courts have consistently found these to be reasons for § 1692g(a)(2) violations. *See, e.g.*, *Talyor v. MRS BPO, LLC*, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) ("[District Courts] have repeatedly held that merely stating 'RE' and the name of an entity in a collection letter does not satisfy the . . . requirements of the FDCPA.").

Defendants' Letter, however, only mentioned one entity and identified the creditor twice—once in the conspicuous table located in the top right corner of the Letter and again in the body of the text.[3] In discussing how a particular debt collection letter did not violate § 1692g(a)(2), courts commonly highlight how the letter mentioned only one entity and how the creditor was referenced more than once. *See, e.g.*, *Warner*, 2018 WL 1865873, at *3; *Worley, v. AR Res., Inc.*, 2019 WL 480028, at *3 (E.D. Mo. Feb. 7, 2019). In sum, the Court finds the cases Plaintiff relies on to be unpersuasive, as the debt collection letters at issue in those cases were patently ambiguous as to the identity of the current creditor—but the same cannot be said for Defendant's Letter.[4]

In regard to Plaintiff's argument that the Letter caused confusion in listing an "original creditor" but not a "current creditor," the Court notes that the FDCPA does not distinguish between the two terms except to the extent that it requires the debt collector, upon request, to "provide the consumer with the name and address of the original

---

[3] Courts have consistently given more weight to creditor identifications contained in the body of debt collection letters. *See, e.g.*, *Warner*, 2018 WL 1865873, at *3 ("Defendant's letter identified [the current creditor] as the original creditor along with the original account number in the body of the text, not merely in a subject line or caption.").

[4] Even if this Court were to find these cases to be persuasive, they do not necessarily support Plaintiff's argument. The holdings in these cases stand for the proposition that Defendant must do more than simply include the current creditor's name in the debt collection letter, a standard which, as discussed below, Defendant's Letter satisfied.

creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5). Pursuant to the FDCPA, Defendant's letter needed to only include "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Although the Letter does not specifically state verbatim that "the name of the creditor to whom the debt is owed is T-Mobile," it expressly noted that the letter was "from a debt collector," explained that Plaintiff's account with T-Mobile had been placed with the debt collector for collection, listed only one creditor, provided Plaintiff's account number with that creditor, identified the creditor in a conspicuous table at the top of the letter *and* specifically and clearly made reference to Plaintiff's "account with T-Mobile" in the body of the Letter. Thus, when the reference to T-Mobile as the "Original Creditor" is read in the context of the Letter as a whole, it is not plausible that even the least sophisticated consumer would be confused about the identity of the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

Furthermore, only two entities are mentioned in the Letter, with each entity's role being clearly identified: (1) T-Mobile, which is identified as the original creditor and the entity with whom the recipient of the Letter needed to resolve his outstanding account balance; and (2) Maury Cobb Attorney at Law LLC, which is identified as a "debt collector." (ECF No. 1-2 at 1.) From these identifications, only "a rudimentary amount of information about the world and a willingness to read a collection notice with some care," *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon*, 988 F.2d at 1319), is needed to determine that T-Mobile is the creditor to whom the debt is owed.

Even the least sophisticated consumer can easily eliminate Maury Cobb Attorney at Law LLC as the possible creditor, since the Defendant is explicitly identified as a "debt collector." This leaves the least sophisticated consumer with only one option from

which to decide the identity of the creditor to whom the debt is owed—T-Mobile. Therefore, interpreting the Letter as the least sophisticated consumer would, the Court finds that the Letter clearly conveys "the name of the creditor to whom the debt is owed," 15 U.S.C. § 1692g(a)(2), under the least sophisticated consumer standard.

Moreover, the Court finds that nothing in the rest of the Letter could have confused the least sophisticated consumer regarding T-Mobile being the creditor to whom the debt is owed. There is nothing to suggest that Plaintiff's debt with T-Mobile had been sold to another creditor or that an other entity owned the debt. Therefore, it is simply not plausible to conclude that the least sophisticated debtor, reading the letter as a whole, would not understand that T-Mobile, as the only creditor identified, is the creditor to whom the debt is owed.

In conclusion, the Court finds that the "least sophisticated consumer" could only reasonably interpret the Letter to mean that T-Mobile was the current creditor as of the date that the Letter was sent. No more is required by the statute. *See* 15 U.S.C. § 1692g(a)(2). Therefore, the Court finds that Plaintiff has failed to state a claim for a violation of the FDCPA. Accordingly, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint with prejudice. As a result, Defendant's Motion for Continuance is moot.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 18) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

3. Defendant's Unopposed Motion to Continue Pretrial Deadlines (ECF No. 23) is DENIED AS MOOT;

4. The Clerk shall enter judgment in favor of Defendant and terminate this case; and

5. The Defendant shall have its costs.

Dated this 12th day of February, 2019.

BY THE COURT:

William J. Martínez
United States District Judge